WILLIAM CLEVELAND *vs.* SAMUEL A. BOOTH, impleaded, etc.

February 17, 1890.

**Mortgage—Coupon Note—Action by Coupon-Holder to Foreclose.—**
The holder of overdue coupon interest notes, secured by mortgage, may
maintain an action to foreclose the mortgage, although the principal debt
is not yet mature, and is held by another person, who is made a party to
the suit.

Appeal by defendant Booth (impleaded with Mrs. Wm. B. Hamil-
ton) from an order of the district court for Hennepin county, *Hooker,*
*J.,* presiding, overruling his separate demurrer to the complaint.

*R. B. Forrest,* for appellant.

*Armstrong Taylor,* for respondent.

DICKINSON, J. This is an appeal from an order overruling a de-
murrer to the complaint in an action to foreclose a mortgage. For
the understanding of the issue of law thus presented, a summary of
the facts more fully set forth in the complaint will be sufficient. The
mortgage was given to secure a promissory note, together with sev-
eral coupon notes for the interest to become due on the principal
note. It contained a power of sale, to be exercised in case of default
in payment of the principal or interest, or of any part thereof. By
successive conveyances from the mortgagor, all of which were made
subject to the mortgage, the land has come to this defendant Booth,
who now owns it subject to the mortgage. The mortgage, through
several intermediate assignments, has been transferred to the other
defendant, Mrs. Hamilton. But, prior to the assignment to her, a
former holder of the mortgage detached several of the coupon notes,
which have been assigned to the plaintiff, and which are past due.
The principal debt was not mature when the plaintiff, as the holder
of such coupon notes, commenced this action to foreclose the mort-
gage. The defendant Booth alone prosecutes this appeal. The com-
plaint states a cause of action. The plaintiff was entitled to foreclose
for the secured interest notes due and unpaid, although the principal
was not yet mature. Gen. St. 1878, *c. 81,* §§ 3, 4; *Fowler* v. *John-*

*son,* 26 Minn. 338, (3 N. W. Rep. 986, and 6 N. W. Rep. 486.) Neither is the relief of a foreclosure to be denied plaintiff because the principal debt is held by another person.    The latter is made a party to this action, and her rights will not be disregarded.    In what precise form relief will be granted is a matter not now to be considered.

Order affirmed.